IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STERLING JEWELERS, INC. | CASE NO. 5:12CV2823 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | |
| ZALE CORPORATION | **ORDER AND DECISION** |
| Defendant. | |

This matter comes before the Court on Motion for a Preliminary Injunction filed by Plaintiff Sterling Jewelers, Inc. The Court has been advised, has reviewed the parties' motions and supporting documents, and has reviewed the applicable law. Moreover, the Court conducted a hearing, received testimony, and reviewed exhibits on December 17 and 18, 2012. For the reasons that follow, the motion is DENIED.

**I.  Facts**

Plaintiff filed its complaint against Defendant Zale Corporation on November 13, 2012 asserting claims of false and deceptive advertising practices concerning the marketing of Zale's Celebration Fire Diamonds. On November 20, 2012, Plaintiff filed the instant motion for preliminary injunction. Doc. 5. Plaintiff notes that it and Defendant are competing national retailers of diamond jewelry. In its motion for preliminary injunction, Plaintiff seeks to enjoin Defendant from continuing to claim, "expressly or by implication, in advertising or promotional materials that its Celebration Fire diamonds are the most brilliant diamonds in the world, are more brilliant than all other diamonds in the world, or are proven by competent and reliable

evidence to be the most brilliant diamonds in the world or more brilliant than all other diamonds in the world." Plaintiff further seeks to have Defendant remove all such marketing materials and take active steps to correct the advertising campaign. The Court heard testimony on the motion on December 18 and December 19, 2012. Finally, the Court has reviewed the parties post hearing briefs.

**II.     Law and Analysis**

When determining whether to issue a temporary restraining order or a preliminary injunction, this Court considers the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). This Court must balance the four factors while noting that none should be considered a prerequisite to the grant of injunctive relief. See *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998). Moreover, a plaintiff must present clear and convincing evidence in support of the four factors. *Procter & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267-68 (Ohio Ct. App. 2000).

The failure to show irreparable harm, by itself, can justify the denial of preliminary injunctive relief without consideration of the other three factors. See *Hacker v. FBOP*, 2006 WL 2559792, *8 (E.D.Mich. Sept.1, 2006) (Lawson, J.) ("The failure to demonstrate irreparable harm is fatal to the petitioner's request for a preliminary injunction. Therefore, the Court need not evaluate the other factors."). *Forster v. Schofield,* 2011 WL 4915804, at *5 (M.D.Tenn. Oct.

2

17, 2011) ("The failure to show irreparable harm, by itself, can justify the denial of preliminary injunctive relief without consideration of the other three factors."). Monetary or economic harm by itself does not constitute irreparable injury and as noted above failure to demonstrate irreparable injury may be fatal to a motion for a preliminary injunction. See *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 (6th Cir.1991); *State of Ohio ex rel. Celebrezze v. N.C.R.,* 812 F.2d 288, 290 (6th Cir.1987)). The United States Supreme Court has explained that:

> Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction. *Los Angeles v. Lyons*, 461 U.S. 95, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974); *O'Shea v. Littleton*, 414 U.S. 488, 502, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); see also 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 139 (2d ed.1995) (hereinafter Wright & Miller) (applicant must demonstrate that in the absence of a preliminary injunction, "the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered"); *Id.*, at 155, 94 S.Ct. 669 ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury"). Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) ( per curiam).

*Winter v. Natural Resources Defense Council, Inc*. 555 U.S. 7, 22 (2008).

The Court concludes that Plaintiff has failed to show the likelihood of irreparable injury if the Court were to deny the requested injunction. Injunctive relief is only available when legal remedies are shown to be inadequate. *Celebrezze*, at 290. Plaintiff has failed to establish that it has no legal remedy to make it whole. At most, Plaintiff argued that Defendant's marketing campaign provided competition and resulted in taking an unfair portion of their market share. The Court concludes that this damage would be calculable and thus there is no need for a preliminary injunction.

For that matter, Plaintiff also appeared to argue that consumers could be misled into purchasing Defendant's Celebration Fire diamonds and believing them to be scientifically better than other diamonds. Setting aside the fact that is unlikely that Plaintiff has standing to pursue this claim, once again, these customers could be made whole through monetary damages. In effect, all of the evidence presented by Plaintiff suggests that its harm, at most, would be lost sales and possibly lost customers – both items that could be remedied through an award of monetary damages. Accordingly, Plaintiff has fallen short of its burden to demonstrate a clear case of irreparable harm.

### III.  Conclusion

Plaintiff's failure to demonstrate any likelihood of irreparable harm is fatal to its request for a preliminary injunction. As such, Plaintiff's motion is DENIED.

IT IS SO ORDERED

Date: 1/24/13                                                                                    /s/ John R. Adams
                                                                                                 John R. Adams
                                                                                                 U.S. District Judge